IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WUBILL WUDNUER,<br><br>     Plaintiff,<br><br>  vs.<br><br>DOUGLAS COUNTY JAIL, DOUGLAS COUNTY, DOUGLAS COUNTY DEPARTMENT OF CORRECTIONS, CO'S AND SEARGANTS INVOLVED, MICHAEL MYERS, Director; and HAWSHANK, CO;<br><br>     Defendants. | 8:24CV269<br><br>MEMORANDUM AND ORDER |

  This matter is before the Court on the Motion for Leave to Proceed in Forma Pauperis ("IFP") filed by Plaintiff Wubill Wudnuer a/k/a Kan Mar. Filing No. 12. The Court has received a certified copy of Plaintiff's trust account statement. Filing No. 3. Plaintiff is permitted to proceed IFP.

  The Prison Litigation Reform Act ("PLRA") requires prisoner plaintiffs to pay the full amount of the Court's $350.00 filing fee by making monthly payments to the Court, even if the prisoner is proceeding IFP. 28 U.S.C. § 1915(b). "[T]he PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001).

  Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of Plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. Plaintiff's account balance is $0.00, and the Court cannot assess an initial partial filing

fee.  However, as set forth in 28 U.S.C. § 1915(b)(4), "[i]n no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."  When the prisoner is unable to pay the initial partial filing fee due to a lack of funds, the requirement that the initial partial filing fee will be paid at the outset of the case is suspended.  See *Jackson,* 173 F. Supp. 2d at 957 n. 9.  Instead, "the whole of the . . . filing fees are to be collected and paid by the installment method contained in § 1915(b)(2)."  *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997).  This matter will therefore proceed without payment of the initial partial filing fee as set forth below.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Proceed IFP, Filing No. 12, is granted.  The filing fee shall be collected and remitted, as funds exist, in the manner set forth in 28 U.S.C. § 1915(b)(2).  Until the full filing fee of $350.00 is paid, the prisoner shall be obligated to pay, and the agency having custody of the prisoner shall forward to the Clerk of the Court, 20 percent of the preceding month's income in such months as the account exceeds $10.00.

2. The Clerk of the Court shall serve a copy of this order on the appropriate financial officer for Plaintiff's current institution.

3. The next step in Plaintiff's case will be for the Court to conduct an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).  The Court will conduct this initial review in its normal course of business and will address Plaintiff's pending motion for appointment of counsel at that time.

Dated this 4th day of September, 2024.

BY THE COURT:

*[signature]*

Joseph F. Bataillon
Senior United States District Judge