IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

WUBILL WUDNUER,

        Plaintiff,

    vs.

DOUGLAS COUNTY, and
HAWSHANK, CO;

        Defendants.

**8:24CV269**

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Wubill Wudnuer's amended complaint. Filing No. 22. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. BACKGROUND

Plaintiff's initial complaint was filed on July 3, 2024. Filing No. 1. An amended complaint was filed on August 30, 2024. Filing No. 11. Upon initial review, the Court concluded Plaintiff had failed to state a claim but afforded Plaintiff an opportunity to file an amended complaint. Filing No. 21. Plaintiff's amended complaint, Filing No. 22, was timely filed on June 20, 2025. For the reasons stated below, this case will be dismissed for failure to state a claim upon which relief may be granted.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a

1

defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## III. DISCUSSION

Plaintiff has sued Douglas County and Hawshank, both of whom were named defendants in his prior complaint, Filing No. 11.

## A. Claims against Douglas County

The Court's prior order on initial review explained that any claim against Douglas County must allege his rights were violated due to an official policy, unofficial custom, or deliberate indifference in failing to train and supervise employees. Filing No. 21 at 5 (citing *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016)). Plaintiff's amended complaint contains no allegations supporting a claim that his constitutional rights were violated due to compliance with a Douglas County policy or custom or failure to train or supervise employees. Plaintiff has failed to state a claim against Douglas County.

## B. Claims against Hawshank

Plaintiff alleges that on March 29, 2024, Hawshank violated his rights during strip searches. Plaintiff claims that when his whole unit was brought out to be strip searched for the third time in two weeks, he initially refused to comply. Hawshank called in more correctional officers and escorted Plaintiff to a dry cell in Administrative Segregation. With a female correctional officer also present, Plaintiff was strip-searched again. The following day, a white, powdery substance was found, apparently in the dry cell, and Plaintiff was blamed. Filing No. 22 at 5. Plaintiff alleges Hawshank "may or may not have planted or participated in planting contraband in [the] dry cell." Filing No. 22 at 4.

Plaintiff's allegation that Hawshank "may or may not" have planted contraband cannot support Plaintiff's claim for recovery. As to the strip search conducted on March 29, 2024, plaintiff does not allege it was conducted in an egregious or unduly intrusive manner. The fact that Plaintiff was strip-searched, even if done twice after Plaintiff initially refused to comply, did not violate Plaintiff's constitutional rights. In cases involving strip searches of convicted prisoners, the balance of interests favors institutional security

concerns. *Martin v. Crosby*, No. 4:03CV3101, 2006 WL 436029, at *5 (D. Neb. Feb. 21, 2006), *aff'd*, 219 F. App'x 599 (8th Cir. 2007) (collecting cases). Plaintiff alleges a female correctional officer was present during the second strip search, but the mere presence of a female correctional officer did not violate the constitution. *Story v. Foote*, 782 F.3d 968, 972 (8th Cir. 2015); *Merritt-Bey v. Salts*, 747 F. Supp. 536, 539 (E.D. Mo. 1990), *aff'd*, 938 F.2d 187 (8th Cir. 1991). Plaintiff has failed to state a claim against Defendant Hawshank for the strip search conducted on March 29, 2024, and the contraband found the following day.

Plaintiff alleges that after contraband was found, he was placed in Administrative Segregation for six weeks. He claims he was strip-searched for days thereafter and allowed out of his cell, in shackles, only one hour a day and not on weekends. Filing No. 22 at 6. Having failed to allege who was personally involved in carrying out these conditions of confinement, Plaintiff has failed to state a claim against the named defendants regarding his confinement while in Administrative Segregation.

## IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Plaintiff's allegations fail to state a claim against Douglas County and Hawshank. This case must be dismissed.

IT IS ORDERED:

1.    This matter is dismissed without prejudice.

2.    A separate judgment will be entered.

Dated this 3rd day of October, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge